UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Paul Leslie Cox, | ) C/A No. 3:12-000225-TMC-JRM |
|---|---|
| Plaintiff, | ) |
| v. | ) |
| S.C. Dept. of Corr. Director Jon E. Ozmint; | ) Report and Recommendation |
| J. C. Counts; | ) |
| Warden P. Johnson, | ) |
| Defendants. | ) |

*Pro se* Plaintiff, Paul Leslie Cox, brings this action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff is an inmate at Lieber Correctional Institution and files this action *in forma pauperis* under 28 U.S.C. § 1915. Having reviewed the Complaint in accordance with applicable law, the undersigned concludes that it should be summarily dismissed as frivolous.[1]

---

[1] Plaintiff has filed three (3) prior cases in this Court, which have been deemed "strikes" pursuant to 28 U.S.C. § 1915(g). *See Paul Leslie Cox v. Geraldine P. Miro, et al.*, Civil Action No. 3:97-3501-06BC (D.S.C.); *Paul Leslie Cox v. Geraldine P. Miro*, Civil Action No. 3:97-2177-06BC (D.S.C.); *Paul Leslie Cox v. Geraldine P. Miro, et al.*, Civil Action No. 3:97-1941-06BC (D.S.C.). However, since the imposition of Plaintiff's "strikes," the United States Court of Appeals for the Fourth Circuit has held that dismissal without prejudice for failure to state a claim does not count as a strike under 28 U.S.C. § 1915(g). *See McLean v. United States of America*, 566 F.3d 391 (4th Cir. 2009). While none of the strikes issued against Plaintiff in 1997 are expressly based on failure to state a claim, each of the cases was dismissed without prejudice. Therefore, the three strikes rule will not be used as a basis for summary dismissal of this Complaint.

Pro Se and *In Forma Pauperis* Review

Plaintiff filed this Complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir. 1990).

Discussion

The Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994)(quoting *Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979)). A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff states that, "[o]n 5-10-87 J.C. Counts signed a warrant on me for possession of contraband under SC Code of law 24-3-950." ECF No. 1, page 3. Plaintiff was sentenced to ten years imprisonment for "this false arrest charge." *Id.* at 3-4. Plaintiff, who also claims that his imprisonment constitutes slavery and involuntary servitude, *id.* at 4, seeks an "emergency hearing on this illegal sentence and conviction" and "freedom from the S.C. prison system." *Id.* at 5.

To state a claim for false arrest under § 1983, a plaintiff must allege that the arrest was made without a facially valid arrest warrant. *See Porterfield v. Lott*, 156 F.3d 563, 568 (4th Cir. 1998); *Brooks v. City of Winston-Salem*, 85 F.3d 178, 181 (4th Cir. 1996)(holding that a public official cannot be charged with false arrest when he arrests a defendant pursuant to a facially valid warrant). The Complaint indicates that Plaintiff was arrested pursuant to a warrant, signed by Defendant Counts. Plaintiff has not challenged the fact that he was arrested pursuant to a facially valid warrant. To the extent Plaintiff alleges that his arrest made pursuant to a warrant was not supported by

probable cause, such a claim appears to be one for malicious prosecution. *See Porterfield*, 156 F.3d at 568. Any claim for malicious prosecution, however, is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), as the criminal proceedings have not been terminated in Plaintiff's favor.

Next, Plaintiff, who is currently serving a life sentence for a 1987 kidnapping conviction in the Spartanburg County Court of General Sessions[2], alleges that his imprisonment by the State of South Carolina constitutes slavery. The Thirteenth Amendment to the United States Constitution states: "Neither slavery nor involuntary servitude, *except as a punishment for crime whereof the party shall have been duly convicted*, shall exist within the United States or any place subject to their jurisdiction." U.S. Const. amend. XIII (emphasis added). As the Thirteenth Amendment, by its plain language, does not apply to a convicted criminal, Plaintiff's claim of slavery/involuntary servitude is subject to summary dismissal as frivolous. *See Newell v. Davis*, 563 F.2d 123, 124 n.1 (4th Cir. 1977)(stating claim by prisoner under the Thirteenth Amendment was "obviously without merit"); *McLaughlin v. Royster*, 346 F. Supp. 297, 311 (D.C.Va. 1972)("Prisoners validly convicted may be forced to perform work, whether or not compensated.").

Finally, Plaintiff challenges his "illegal sentence and conviction" and seeks release from prison. ECF No. 1, page 5. However, habeas corpus is the exclusive remedy for a prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release. *See Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973). As Plaintiff cannot challenge his current state

---

[2] South Carolina Department of Corrections Incarcerated Inmate Search, http://sword.doc.state.sc.us/scdc-public/ (last visited February 8, 2012). The court may take judicial notice of factual information located in postings on government websites. *See In re Katrina Canal Breaches Consolidated Litigation*, No. 05-4182, 2008 WL 4185869 at *2 (E.D. La. Sept. 8, 2008)(noting that courts may take judicial notice of governmental websites including other courts' records).

kidnapping conviction and/or sentence under § 1983, the submission of such a claim under that statute is frivolous and the case is subject to summary dismissal.

## Recommendation

Accordingly, the undersigned recommends that the Complaint in the above-captioned case be dismissed *with* prejudice. It is also recommended that this dismissal be deemed a "strike" under 28 U.S.C. § 1915(g).

March 16, 2012  
Columbia, South Carolina

Joseph R. McCrorey  
United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).